U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 11 2026
CLERK, U.S. DISTRICT COURT
By ______ Deputy

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

Michael Samuel Dekelbaum, REG. # 31893-510 )
**Pro Se Petitioner - Movant** )

v. )

United States )
**Respondent** )

**PRO SE MEMORANDUM IN SUPPORT OF 28 U.S.C. § 2255**

**COMES NOW,** Michael Samuel Dekelbaum, Movant, Pro Se with his Memorandum in Support of his 28 U.S.C.§2255 Motion to **VACATE** his conviction and sentence in Criminal Case No. 4:22-cr-00372(1). This court has jurisdiction as it is the sentencing court in Movant's criminal case. "Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing." see Pack v. Yusuff,218 F .3d 448, 451 (5th Cir. 2000). "A section 2255 motion must be filed in the sentencing court."Id.(Internal citation and quotation marks omitted).

Pursuant to a plea agreement, ECF No. 106, Movant plead guilty on February 28, 2024 which included a waiver of appeal. While the waiver of appeal ordinarily waives all non-jurisdictional claims, it does not preclude a collateral attack on the knowing and voluntariness of entering the plea agreement. "[O]nce a guilty plea has been entered, all non jurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." see United States v. Cavitt, 550 F .3d 430, 441 (5th Cir. 2008)(citing Smith v. Estelle, 711 F .2d 677, 682(5th Cir. 1983).

Movant hereby challenges the voluntariness of entering the plea of guilt in that he recieved inneffective assistance of counsel leading up to the entering of the plea of guilty in violation of the Sixth Amendment. Movant recieved constitutionally ineffective assistance of counsel from retained attorney, **Mark Lassiter** in advising Movant to plead guilty and not to proceed to trial, [**Claim 1**]; not objecting to the District Courts impermissable participation, opinion and influence into the plea process in violation of

Federal Rule of Criminal Proceedure, ("Fed. R. Crim. Pro.") 11(e)(1), [**Claim 2**]; ineffective assistance of retained counsel, attorney **Taly Haffar** in advising Movant to enter into a proffer agreement and participate in two proffer interviews on March 30, 2023 and May 4, 2023 and enter into a plea agreement and plead guilty on July 31, 2023 **before** investigating the law and facts of Movant's case, [**Claim 3**]; and ineffective assistance of appointed Appellate counsel, attorney **John Kuchera** for not appealing the District Courts Rule 11(e)(1) violation, [**Claim 4**].

Movant requests the relief of **VACATING** the conviction and sentence, **VACATING** the proffer agreement and prohibit the Government from any use of the proffered testimony or evidence obtained as a result of the profferred testimony in future proceedings against Movant and re-assign Movan't case to a different District Court Judge in compliance with Fed. R. Crim. Pro. 11(e)(1).

Movant retained attorney Lassiter on November 1, 2023 as a result of attorney Haffar's ineffective representation in [**Claim 3**] by not investigating the facts and law of Movant's case **prior to** advising Movant to enter into a proffer agreement, waiving protected Fifth Amendment protections by participating in proffer interviews and enter into a plea agreement. Attorney Lassiter successfully withdrew Movant's plea of guilty in large part to the District Court's finding Movant "lacked close assistance of counsel". ECF No. 66, P.9 ¶2. The District Court citing United States v. Cavitt, 550 F .3d 430,440-441 (5th Cir. 2008).

While Movant was able to withdraw from the guilty plea, Movant and attorney Lassiter's representation were prejudiced by the ineffectiveness of attorney Haffar's representation. critical decisions in Movant's case had already been made based on attorney Haffar's false representations and Constitutionally deficent investigation, or the lacktherof. The withdraw of the original guilty plea was largely ceremonial and didn't provide meaningful relief by positioning Movant in the position he would have been prior to attorney Haffars deficient investigation and ineffective assistance. Namely and specifically the advise to participate in proffer meetings, enter into the proffer agreement and forgo Fifth Amendment protections against self-incrimination as a requirement of entering into the plea agreement and not understanding the factual basis of the indictment was fatally flawed prior to proffering with the Government.

As attorney Lassiter aptly states in his successful but ultimately ceremonial Motion to withdraw from the original guilty plea;

"It should be noted that Dekelbaum only

> only agreed to do the proffers because attorney Haffar represented the Government had provided all the available discovery and it had been reviewed. This later turned out to be false as body camera footage was found by attorney Linder in the Government's possession subsequent to both proffers and the plea." see ECF No. 62, P. 15, n.1.

Appointed Appellate attorney, John Kuchera could not have brought this up on Direct appeal as Ineffective Assistance claims are not permissable on Direct appeal nor could attorney Lassiter brought this ineffective assistance of counsel claim to the District Court for the same reason. "We do not usually review claims of ineffective assistance on direct appeal." see United States v. Castillo, 2025 U.S. App. LEXIS 10567; 2025 LX 93370, No. 24-20390 (5th Cir. 2025)(citing United States v. Cantwell,470 F .3d 1087, 1091 (5th Cir. 2006).

The original indictment on December 14, 2022, ECF No. 14, alleged a conspiracy from October 2021 to November 2022 as a result of **one single controlled buy with government informants.** Attorney Haffar provided constitutionally deficient assistance by not investigating the law. "[A]n agreement with a government informant cannot be the basis for a **conspiracy** conviction because the informant does not share the requisite criminal purpose." see United States v. Escajeda, 8 F .4th 423, 426(5th Cir. 2021). "A government agent or informer cannot be a co-conspirator," see United States v. Goff, 847 F .2d 149, 173 (5th Cir. 1988).

The Fifth Circuit has long held effective assistance of counsel requires counsel to conduct a reasonable investigation into the facts and law **prior** to advising a client in any particular direction. In this case attorney Haffar had a Constitutional duty to investigate the law and facts **prior to advising Movant to entering into a proffer agreement, participating in proffer interviews** as a part of the entering of the plea agreement and pleading guilty. "[A]lthough counsel need not be a fortune teller, he must be a reasonably competent legal historian. Though he need not see into the future, he must reasonably recall (or at least research) the past...." see Kennedy v. Magio, 725 F .2d 269, 272 (5th Cir. 1984) (quoting Cooks v. United States, 461 F .2d 530, 532 (5th Cir. 1972).

Attorney Haffar advised Movant to participate in proffer meetings on March 30, 2023 and May 4, 2023. Attorney Haffar advised Movant to participate in proffer interviews

**before investigating facts and evidence** related to the December 14, 2022 indictment, ECF No. 14 and the November 15, 2022 arrest. As the District Court articulately states in its order **GRANTING** Lassiter's Motion to withdraw Movant from the involuntary and unkowingly entered into plea agreement and Guilty plea;

> "From the start, Dekelbaum says Haffar eschewed his attempts to provide input regarding the search of his home and his larger criminal defense." see ECF No. 66, P.1 ¶2.

Prior to attorney Haffar advising Movant to enter into the plea agreement which included participating in proffer interviews and forgoing Fifth Amendment protections, Movant had a viable dfense. The original charging instrument was, as a matter of law fatally flawed and the search warrant was equally challengeable. Again, the District Court astutely details;

> "His Motion details examples whereby he vehemently insisted upon **actual innocence** in discussions with counsel.... Admittedly, the big bag of meth cops found at his house is a "bad fact" for Dekelbaum. But insofar as **the charge is for possession with intent to distribute**, the record indicates Dekelbaum has remained resolute in his assertions of actual innocence. With a "substantial supporting record" for his assertion," Id. at P.8 ¶3. (internal record citations omitted, emphasis added).

> "Had the Government turned over the body cam footage beforehand, Dekelbaum wouldn't have pleaded guilty. But because Haffar told him all salient evidence had been overturned and reviewed he erroneously believed pleading guilty was the only path forward." Id. at P. 10 ¶2.

Based on attorney Haffar's ineffective assistance of Counsel, Movant participated in the proffer meetings on March 30, 2023 and May 4, 2023. Movant provided truthful self incriminating statements involving conduct that occurred years earlier and entirely unrelated to the charged conspiracy, (October 2021 - November 2022). The self incriminating conduct occurring; "Beginning in or before October 2019," see Superseding Information, P. 1 ECF No. 101.

Attorney Haffar would have found after conducting a Constitutionally required reasonable investigation of the facts of the December 14, 2022 indictment, ECF No. 14, attorney Haffar would have discovered the alleged co-conspirators, **James Jimmy Johnson** and **Kevin Rainey**, an **undercover DEA informant**, see ECF No. 145, Transcript 24-10537.534: 4-11, were both undercover government informants. These facts could not support the indicted charge, a fact attorney Lassiter provided to Movant.

The self incriminating statements Movant made in the proffer meetings, agreed to based soley on attorney Haffars advise, involved **Enrique Castillo, Jr.** (01) and **Alejandro Padilla** (01). These individuals and the conduct Movant disclosed had nothing to do with the charged conspiracy or the Government informants that comprised the charged conspiracy. These individuals were a part of a seperate drug conspiracy that had already been sentenced and Movant was never a target of or named in. see United States v. Enrique Castillo, Jr. (01), 2021 U.S. Dist. LEXIS 247546, Case No. 4:21-cr-221 ALM/CAN; United States v. Alejandro Padilla (1), 2020 U.S. Dist. LEXIS 60741, Case No. 3:19-cr-00156-m(1).

Without the self incriminating statements regarding these individuals in the proffer meetings, Movant had a viable defense that Movant repeatedly informed attorney Haffar he wanted to pursue. Attorney Haffars advice allowed the Government to utilize self incriminating statements, that Movant would never have agreed to making, to combine the two seperate sets of facts to then leverage Movant into entering a subsequent plea agreement. A plea agreement attorney Lassiter would successfully withdraw Movant from without the benefit of being placed in the same position prior to attorney Haffar's ineffective counsel. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." see Neal v.Vannoy,78 F .4th 775 LEXIS 22365 at 28 (5th Cir. 2023) (quoting Strickland, 466 U.S. 690-691.) "Purportedly tactical decisions not preceded by reasonable investigations are not sufficiently informed and thereby not entitled to the "deference typically afforded" to trial counsel's decisions."Id.

As the Government's witness, Omar Cervantes, Special Agent with the Drug Enforcement Administration testified under oath to, at Movan't Preliminary Detention Hearing;

> "**Q.** And so back in June, that was the first time that Mr. Dekelbaum came up in any kind of an investigation; is that correct?
>
> **A.** I believe June 29th was the initial information obtained from the DPS investigators. ... So it--I would assume it was that day, probably carried on to July,..." see ECF No. 52 Transcript P. 8 at 19-25.

Attorney Haffar had a constitutional duty and obligation to know the Government's indictment lacked the required facts to support the charge Movant faced. Attorney Lassiter's advice **after replacing attorney Haffar** was irreparably harmed by attorney Haffars under informed, ineffective advice to waive Fifth Amendment protections and agree to the proffer interviews. "There may be circumstances of such magnitude that, although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." see United States v. Cronic, 466 U.S. 648, 659-660, 80 L. Ed. 2d 657, 104 SCT 2039 (1984).

Movant contends a competent lawyer coming into a case in which a different lawyer had already provided constitutionally deficient advice pursuant to Strickland is such a circumstance. "The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the **plea process.**" see Hill v. Lockhart, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 106 SCT 366 (1985). (emphasis added). The proffer agreement and waiving Fifth Amendment constitutional protections certainly was a part of the plea process in Movant's case. Attorney Lassiter's advice to enter the subsequent plea agreement was directly influenced by attorney Haffar's prior representation in Movant's case. Attorney Lassiter's Motion to withdraw Haffar's negotiated pleas and facts contained therin strongly supports Movant's assertion. see ECF No. 62.

Thus as a result of attorney Haffar's ineffective assistance of counsel, [**Claim 3**], attorney Lassiter's advice of counsel to enter a plea agreement was ineffective, [**Claim 1**]. Additionally, attorney Lassiter's advice to Movant to enter, in essence the same plea

agreement attorney Lassiter successfully withdrew Movant from was equally influenced by the District Court's statements in violation of Fed. R. Crim. Pro. 11(e)(1) at the Government's requested hearing regarding it's Motion to recind the District Court's order **GRANTING** attorney Lassietr's Motion to withdraw from attorney Haffar's negotiated plea agreement. ECF No. 66, Transcript ECF No. 149. Attorney Lassiter, in error did not object to the District Court's impermissable and repeated interjections and told Movant that he did not want to object out of personal fear of retribution from the Judge and that the District Court's statements "absolutely" influenced his advise to Movant moving forward.

The Fifth Circuit has made it abundantly clear violations of Fed. R.Crim. Pro. 11(e)(1) represents a bright line rule to not be crossed. The District Court impermissably crossed that bright line and put it's finger on the scales;

> "The judge might not necessarily look at the case the same when the case comes before me on a plea agreement...versus having a lengthy trial..." see Transcript ECF No. 149, P. 24, 5-8

> "I would be remiss if I didn't say a few choice words that your client can consider going forward in this case,...you didn't get those acceptance points if you truly are guilty of the crime." Id. at 18-22.

Movant certainly considered the District Courts "choice words" in discussions with attorney Lassiter in avauluating the decision to enter into the plea agreement and to plead guilty. "The proper inquiry is whether the court was actively evaluating a properly disclosed plea agreement, as the court is required to do, rather than suggesting what should occur or interjecting comments while the parties are still negotiating." see United States v. Hemphill, 748 F .3d 666,673 (5th Cir. 2014).

This hearing clearly was not to evaluate a plea agreement properly disclosed to the court for review and accept but to continue the withdrawing of the plea agreement. "With respect to the court's comments occuring **before** Hemphill [Movant] accepted the government's plea offer,"Id. Movan't plea agreement had already been withdrwan, therefore negotiations were still ongoing and had certainly not concluded.

The District Court gave conflicting, confusing and coercive 'advice' to Movant and attorney Lassiter during the Government's requested hearing to recind the already **GRANTED** Motion to with draw;

> "The last thing I would ever want to be accussed of is the type of judge that forced individuals to go to trial who truly believed in their innocence."
> see Transcript , P. 24, 24-25:P.25, 1-2.

> "there's an old expression about be careful what you wish for and getting enough rope to hang yourself. I hope that both of those expressions were used **when we** were speaking to the client before we filed the motion to withdraw the guilty plea, or at the least that sentiment." Id. P. 38, 13-19.

"Rule 11(e)(1) is clear in its prohibition against "all forms of **judicial participation** in or interference with the plea negotiation process." see United States v. Rodriguez,197 F .3d 156, 158 (5th Cir. 1999). (quoting United States v. Adams, 634 F .2d 830, 835 (5th Cir. 1981)). "The reasons for this bright line rule have been expressed in a number of cases decided by this court." "First, it diminishes the possibility of judicial coercion of a guilty plea, regardless whether the coercion would actually result in an involuntary guilty plea. Second, the judge's involvement in the negotiations is apt to diminish the judge's impartiality. By encouraging a particular agreement, the judge may feel personally involved , and thus, resent the defendant's rejection of his advice." 197 F .3d 158-159. "[P]ressure is inherent in any involvement by a judge in the plea negotiation process." see United States v. Rodriguez, 197 F .3d 156 (5th Cir. 1999). "In light of these considerations, we have not hesitated to find a Rule 11 error even when the court's participation is minor and unintentional." see United States v. Ayika, 554 F. App'x 302, 305 (5th Cir. 2014) (per curiam).

The District Court's influence and opinion on Movant's case was not minor and directly influenced attorney Lassiter's advice to Movant and Movant's decision to go to trial or agree to pleed guilty.

> "Because just speaking generally, not this specific case, but if you would like to go and do some research on me and the way that I sentence... you can visit off the record with any of the U.S. attorneys here and they will tell you Judge Pittman is particularly generous with downward variances on defendants that cooperate with the government,... And frequently, if you waived your appellate rights, I almost consistently give some sort of downward variance." see Transcript P. 38, 25-P. 39, 1-12.

The District Court's message could not be mistaken, agree to plead guilty and the District Court would be generous with downward variances and especially if they cooperate with the government and waive their appellate rights.

Similarly to the District Court in Daigle, Movant and Movant's counsel relied upon the District Court to be generous in it's downward variances, acceptance points and cooperation with the Government. "fully cooperated, that 90 percent of the time I will follow the reccomendation of the U.S. Attorney." Such an indication of sentence constitutes participation. Accordingly, the judge's conduct violated the bright line of Rule 11(e)(1) which prohibits any judicial participation in plea negotiations." see United States v. Daigle, 63 F .3d 346, 349 (5th Cir. 1995).

This reliance is evidenced by attorney Lassiter and Linders calculation of Sixty Month term of imprisonment at the sentencing hearing. see ECF No. 145. Movant relied upon this in evaluating to enter into the plea agreement and to plead guilty.

Movant equally considered the District Courts statements at the hearingregarding its view and opinion of a trial in Movant's case;

> "But if I do find that perhaps my judicial resources have been wasted...What do you think the judge is going to do if you get found guilty at trial? Maybe you ought to think about that and we will take about a five-minute break..."

see Transcript P. 39, 13-14:P.40, 1-3.

"So I'm assuming you are going to take
it before the grand jury and request that
it be an option of giving a lifetime sentence;
is that correct?" see Transcript P. 42, 23-25.

Attorney Lassiter communicated to Movant during the five minute break his concern for not only himself as an attorney with Judge Pittman but that his advice would "absolutely" be influenced by the District Courts statements. "The comment on the length of the likely sentence exacerbated the error. Rule 11 absolutley forbids a judge from participating "in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty or conviction, or submission...of a plea agreement." see United States v. Ekwerekwu, 1995 U.S. App. LEXIS 43160 at 5-6, Case No. 93-9126 (5th Cir. 1995)(unpublished). (quoting United States v. Bruce, 976 F .2d 552, 555-556 (9th Cir. 1992)(The judge refferencing a lifetime sentence in violation of Rule 11(e)(1)); United States v. Miles,10 F .3d 1135 (5th Cir. 1993).

Appointed Appellate attorney John Kuchera was ineffective for not bringing the Rule 11(e)(1) violations up on Direct Appeal in violation of Movant's Sixth Amendment right to effective assistance of Appellate Counsel, [**Claim 4**].

Upon conclusion of the Government's hearing to recind the previously granted Motion to withdraw from the original plea agreement, attorney Lassiter, as promised to the District Court filed the Motion to Supress evidence. The District Court denied the Motion.

Based upon the totality of the circumstances; the District Court advising Movant that the District Court clearly preffered a plea agreement and not a trial, attorney Lassiter advising Movant that his defense was irreparably harmed by attorney Haffar's advice and his proffer would be used against him at trial, Movant re-entered the same plea agreement attorney Lassiter successfully withdrew Movant from. ECF No. 106 and waived his Appellate rights.

Movant upon advice from attorney Lassiter and the District Court participated in a third proffer interview to ensure full transparency and cooperation with the Government. Movant appeared before Magistrate Judge, Jeffrey L. Cureton on February 28, 2024 and formally entered the Guilty Plea, ECF No. 108. This was done with the stated coercion and advice from counsel.

Movant preserves the right to bring error's that were brought on Direct appeal but were not reviewed as a result of the waiver of appeal as well as the errors that were not brought up on Direct Appeal as a result of the appeal waiver based on the District Court stating Counsel had preserved those error's and that Movant " Can take it up with the Fifth Circuit." see ECF No. 145, Transcript 24-10537.521:19-19. As the Government did not object to the District Court's repeated assertions that Movant could bring errors up on Direct Appeal even with the waived appellate rights. The Supreme Court has recently granted Certiorari in Hunter v. United States, 24-1063 on this very issue and out of an abundance of caution Pro Se Movant asserts his right to bring those error's in a subsequent proceeding.

## REQUEST FOR RELIEF

Movant requests the Conviction and Sentence to be **VACATED**, the proffer statements to not be used by the Government in future proceedings and the proffer agreement to be equally **VACATED** therby placing Movant in the same position he would have been prior to attorney Haffar's ineffective assistance and with the original indictment and for this case to be transferred and re-assigned to a diferent District Court Judge pursuant to Rule 11(e)(1), see Miles,10 F.3d 11 2.

Pro Se Movant requests the Court liberally construe Movant's Memorandum in Support. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Pursuant to Rule3(d) governing 28 U.S.C.§2255 proceedings, Movant deposited this Motion and Memorandum in Support in FCI Seagoville's internal mailing system for legal mail on June 6, 2026 and therefore is timely pursuant to Federal Rule 3(c) as the Supreme Court denied Certiorari on June 6, 2025. see Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Medley v. Thaler, 660 F.3d 833, 835 (5th Cir. 2011). Pursuant to 28 U.S.C.§1746 Movant self notarizes this Memorandum in Spport and swears under penalty of perjury it is true and correct and has provided the correct First Class postage and has pre-paid it.

Respectfully Submitted,

Michael S Dekelbaum

Pro Se Petitioner, June 6, 2026
Michael Samuel Dekelbaum, Reg# 31893-510
FCI Seagoville
PO BOX 9000
Seagoville, TX 75159